OPINION
{¶ 1} Defendant Adam Douglas Boylen appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to withdraw his plea of guilty to seventeen counts of aggravated robbery and one count of auto theft. Appellant pled guilty on August 19, 1999, and on August 20, 1999, the trial court sentenced him to an aggregate term totaling fifty years and five months incarceration.
 {¶ 2} Appellant timely appealed his conviction and sentence to this court and we reluctantly affirmed in State v. Boylen (November 13, 2000), Stark Appellate No. 1999CA00278.
 {¶ 3} The trial court found appellant had not satisfied his burden of providing evidence a manifest injustice would be done if the court did not permit him to withdraw his plea. From this judgment, appellant assigns a single error to the trial court:
 {¶ 4} "BECAUSE MR. BOYLEN WAS INDUCED TO PLEAD GUILTY BY AN AGREEMENT THAT HE COULD BE JUDICIALLY RELEASED AFTER TEN YEARS, THE TRIAL COURT ERRED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY FAILING TO GRANT HIS MOTION TO WITHDRAW THE GUILTY PLEA."
 {¶ 5} Crim.R. 32.1 provides that to correct manifest injustice, a trial court after sentence may set aside the judgment of the conviction and permit the defendant to withdraw his or her plea.
 {¶ 6} Crim.R. 32.1 does not prescribe a time limitation on a motion to withdraw a plea. However, an undue delay between the occurrence of the alleged cause for withdraw of the guilty plea and the filing of a motion under Crim.R. 32.1 may be a factor which adversely affects the credibility of the movant, State v. Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus.
 {¶ 7} In State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, the Ohio Supreme Court reviewed a case wherein a defendant moved to withdraw his plea, arguing his attorney had given him incorrect information regarding his eligibility for parole. The Supreme Court held a motion to withdraw a guilty plea is addressed to the broad discretion of the trial court, but the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, Xie at 527, citations deleted.
 {¶ 8} The trial court here found appellant had not satisfied his burden of providing evidence that manifest injustice would be done if he were not permitted to withdraw his plea, after it reviewed the plea agreement contained in the record. In State v. Watkins (August 24, 1995), Richland Appellate No. 94CA20, this court found when a defendant argues matters outside the record, then the only way they can be presented to trial court to determine a manifest injustice is with a hearing. In State v. Bruni (September 28, 1998), Stark Appellate No. 98CA00105, we found where a defendant presents evidence other than his own self-serving affidavit, a hearing is necessary. We find the trial court cannot weigh the matter by reviewing the record and the affidavits, but should have held a hearing on the motion to withdraw the plea.
 {¶ 9} Appellant's assignment of error asks us to find the court should have sustained the motion to withdraw the guilty plea. We find this issue to be premature.
 {¶ 10} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Boggins, J., concur motion to withdraw plea — hearings.